Judge Underwood
delivered the opinion of the Court.
James Ryan made a contract with Sumrall, in 1819, by which it was agreed, that Sumrall should advance a large sum to Ryan, to enable him to *98 purchase produce for the New Orleans market, and Ryan, on his part, agreed to pay Sumrall in New Orleans, the money so advanced, and as much more. The additional sum was to be repaid by Sumrall, at an after period. In pursuance of this contract Sumrall advanced about $3000, and James Ryan, in his own, and in the name of his brother Moses, under the style of James and Moses Ryan, drew bills on New Orleans, dated in February, 1820', for $6150; one of the bills amounting to $1150 was paid by the Ryans, at.maturity, the remainder were returned, protested for non payment, and Sumrall having passed them off by endorsement in Philadelphia, as he states, was compelled to take them up by paying principal, interest, costs and damages, which damages amount to 10 per cent, as paid by Sumrall. On the 30th of May, 1820, Sum-rail and the Ryans settled, and they paid him $2181 in cash, and gave their note for $380 81 1-4, “in full for the payment of drafts, and all other contracts to that date,” as expressed in Sumrall’s receipt; on this note Sumrall received' judgment against Moses Ryan, and he enjoined the judgment; the court perpetuated the injunction, and Sumrall has appealed to this court. The equity mainly relied on in the bill, is, that since the note was executed, the Ryans transferred to Sum-rail, ten shares of bank stock, in the bank of Limestone, at the price of $400, for which Sumrall gave his receipt, dated 30th March, 1821, stating that the stock had been received at that sum, on account of dealings between said Ryan and himself. Sumrall attempts to evade the effect of this receipt, by stating in substance, that he did not want the bank stock, that it was under par, and that he would not take it at par, until Ryan agreed to re-settle with him, in relation to the billsyi^S :indemnify him for the losses he had sustained, on account of that transaction, which being agreed to by JR) an,, they entered on the settlement, when $332 25 was allowed Sumrall, being a balance on account of tbe stock of $67 75, to go as a credit in the note. There is no proof, whatever, of the state-, ment made by Sumrall, and therefore, we rely on the receipt, as shewing a payment made after the note was given, books, of $400. Sumrall seis out an extract from his shewing that the settlement in relation to the *99 stock, took place 9th February, 1821. Thereceiptis dated 30th March, 1821, and the credit of $67 76 is not entered on the note till 6th April, 1821. These things shew that it is safest to rely on the receipt, allowing interest on the note from the time it became- due,, up to the payment of the bank stock, on the 30th March, 1821, and it will make principal and interest amount to $394 13, to which we deem it proper to make an addition of $34 61, upon the following ground: The sum of .$2181, paid on the 30th May, 1820, was made up by $1281, in notes on the bank of the United States, in part, and notes on the bank of Kentucky, for the residue, to-wit: $900;-but as these latter notes were under par, 12 1-2 per cent, was allowed, to make them equal to par funds,' and an agreement made, that if that allowance was not sufficient, the deficiency should be made up thereafter. It is satisfactorily shewn, that4 1-2 percent.in addition to the 12 1-2 under the agreement, should be made in notes, on the bank of Kentucky, and these being reduced to their value, in specie, at the rates of 117 to 100, gives the above sum of $34 61. This added to the amount of the note and interest, and a total is-made of $428 74, from which deduct the amount of the receipt, and there will remain $28 74, with interest thereon, from the 30th March, 1821, to which Sumrall. is entitled. On the merits, therefore, the court ought not to have perpetuated the injunction for this sum,, and the costs of the suit at law; but the sheriff’s commission on the amount, exceeding the said- sum of $28 74, with interest thereon, up to the date of the replevin hond, and the costs of the suit at law, added thereto, should have been perpetually enjoined.
If amended bill be filed uniting a new complainant, it is erroneous to try the cause at.yhe same term, unless the trial appear to be at the instance of the defendant-.
The hill in this case was filed by Moses Ryan, alone, and after the cause stood for trial, between, him and Sumrall, and had been continued many terms subsequent to the filing of the answer of Sumrall; and on the very day the cause was finally tried, an amendatory bill was filed, with leave of the court, making James Ryan a party complainant, and calling on the defendant, Sumrall, to make a further exhibit of his accounts, alleging it was important that he shouldjlo so. The order of court, giving leave to file the amen *100 datory bill, states, “that the complainant is not to be entitled to a continuance, in consequence thereof.’* There is nothing to shew that this part of the order was made, at the instance of the defendant, nor does, it appear that the defendant consented to proceed with the trial, after the court gave leave to file the amendment. For aught that appears, the trial may have been entirely ex parte. It was certainly erroneous to let a new party in the cause, at so late a period upon an amendment to the bill, containing important matter, without giving the defendant an opportunity to respond to it; and as the record in this instance, does not shew that he had waived that right; and as the decree is in favor of the party, so let in, who recovers his costs, we deem it erroneous for that cause.
Secree-and mandate.
Haggin, for plaintiff; Crittenden, for defendant.
Wherefore, it is decreed by this court, that the decree of the court below be reversed and set aside; and that the defendant, Sumrall, have leave to file his answer to the amendatory bill, if he makes application to do so, and in case of his refusal, that then a decree be entered in conformity to this opinion.
The plaintiff must recover his costs in this court.